**NOT FOR PUBLICATION**

JUL 23 2018

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50221 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-01727-WQH-1 |
| v. | |
| JORGE CORDOVA-VILLA, AKA Jorge Cardova Villa, AKA Jorge Cardova-Villa, AKA Jorge Cordova Villasana, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50222 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-02267-W-1 |
| v. | |
| JORGE CORDOVA-VILLA, AKA Jorge Cardova Villa, AKA Jorge Cardova-Villa, AKA Jorge Cordova Villasana, | |
| Defendant-Appellant. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted July 12, 2018
Pasadena, California

Before: BERZON, FISHER,[**] and WATFORD, Circuit Judges.

Jorge Cordova-Villa appeals his conviction for illegal attempted entry and reentry, and the subsequent revocation of supervised release based on that conviction. We affirm.

**1.** Cordova challenges the district court's refusal to give a missing-witness instruction for the individuals who were arrested with Cordova and removed before trial. We review the district court's decision for an abuse of discretion. *United States v. Bramble*, 680 F.2d 590, 592 (9th Cir. 1982).

The district court did not require a showing of bad faith by the government for the missing-witness instruction, which would have been the incorrect legal standard. The failure of the district court to articulate the two-part test from *United States v. Leal-Del Carmen*, 697 F.3d 964, 974–75 (9th Cir. 2012), was not itself an abuse of discretion. *See United States. v. Ramirez*, 714 F.3d 1134, 1137 (9th Cir.

---

[**] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

2013) ("While the judge didn't articulate the two-part test . . . , his comments make it clear that he identified and applied the correct rule."). And the district court's ultimate conclusion was that it was entirely "speculative" whether the removed individuals would give exculpatory evidence, so any inference that they would was not appropriate. The district court did not rest its decision on a lack of bad faith by the government.

2.      A missing-witness instruction is warranted only if "an inference of unfavorable testimony [against the nonmoving party] from an absent witness is a natural and reasonable one." *Id.* (alteration in original) (quoting *Leal-Del Carmen*, 697 F.3d at 974–75). Here, Cordova offered nothing more than conjecture to establish that an inference of unfavorable testimony against the government would be "natural and reasonable." *Leal-Del Carmen*, 697 F.3d at 974. He brought forward no specific basis for supposing that any of the removed witnesses could have offered exculpatory evidence, given the limited factual disputes that divided the parties, and Cordova's testimony that he did not tell his fellow travelers his purpose in crossing the border. Contrary to Cordova's assertion, the government's failure to call a witness does not alone give rise to that inference. *See Ramirez*, 714 F.3d at 1137 ("[A] party may choose not to present an available favorable witness for a variety of reasons."). On the limited showing Cordova provided, the district

3

court did not abuse its discretion by rejecting Cordova's requested missing-witness instruction.

**3.** The government did not make a statement during closing argument negating the specific intent element of both charged offenses. The district court's refusal to issue a curative instruction and denial of Cordova's motion for a mistrial are reviewed for an abuse of discretion. *United States v. Reyes*, 660 F.3d 454, 461 (9th Cir. 2011). "[I]n analyzing the effect of a [prosecutor's] comment upon the jury we accord due respect to the common sense of jurors." *United States v. Koon*, 34 F.3d 1416, 1443 (9th Cir. 1994), *aff'd in part, rev'd in part on other grounds*, 518 U.S. 81 (1996). Thus, "[a] court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through a lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974)). Given that the central focus of the trial was whether Cordova had the requisite specific intent, it is implausible that the jury would have interpreted the government's statement to negate that specific intent element. The district court therefore did not abuse its discretion in declining to issue a curative instruction and denying Cordova's motion for a mistrial.

**AFFIRMED.**

4